| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY** | |
| **FOLEY AND LARDNER LLP**<br>Marcella M. Jayne, Esq. (NJ Bar No. 298822019)<br>  mjayne@foley.com<br>90 Park Avenue<br>New York, NY 10016<br>Tel.: 212.338.3400<br><br>**FOLEY AND LARDNER LLP**<br>Ashley M. McDow, Esq. (*pro hac vice to be filed*)<br>  amcdow@foley.com<br>555 South Flower Street | Suite 3300<br>Los Angeles, CA 90071-2418<br>Tel.: 213.972.4500<br><br>Attorneys for CAA Partners, LLC | |
| In re:<br><br>CUSTOM ALLOY CORPORATION, *et al.*,<br><br>Debtor. | Case Nos. 22-18143, 22-18144 (MBK)<br><br>Jointly Administered<br><br>Chapter 11 |

# EMERGENCY OBJECTION TO CREDIT BID PURSUANT TO 11 U.S.C. §363(k) AND REQUEST FOR CONTINUANCE OF AUCTION

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. CAA Partners, LLC ("CAA Partners"), party-in-interest in the above-captioned jointly administered bankruptcy cases (the "Chapter 11 Cases"), files this emergency objection (the "Objection") to credit bid and related rights based on Proof of Claim No. 68 (the "Barings Claim") filed by Barings BDC, Inc. (the "Claimant"), and purportedly transferred to CAC Acquisitions, LLC ("CAC Acquisitions"), in connection with the pending auction of substantially all assets of the Debtors (the "Auction"), and emergency request for continuance of the Auction. In support of the Objection, CAA Partners respectfully represents as follows:

2. On November 4, 2022, the Notice of Appointment of Official Committee of Unsecured Creditors (the "Appointment Notice") was filed, identifying the three (3) unsecured creditors of the Debtors who had been appointed to serve on the Official Committee of Unsecured Creditors (the

4885-1953-9553.1

1

"Committee"). The Claimant was one of these three creditors and continues to serve on the Committee. The claims filed by the three members of the Committee reflect the following: (1) Barings asserts a secured claim in the amount of $64,285,191.45; (2) A&M Industrial, Inc. asserts an unsecured claim in the amount of $88,635.32; and (3) Trepanning Specialties, Inc. asserts an unsecured claim in the amount of $110,986.

3. Pursuant to the Court's Order approving bidding procedures, entered on February 27, 2023 [Docket No. 319] (the "Bidding Procedures Order"), and the bidding procedures approved thereby (the "Bidding Procedures"), as well as the Debtors' fourth notice of extension of dates and deadlines [Docket No. 413] (the "Fourth Notice"), the auction for substantially all assets of the Debtors was scheduled to commence at 11:00 a.m. Eastern Time on May 3, 2023 (the "Auction"). On April 27, 2023, the Debtors filed the Notice of Designation of Stalking Horse Bidder Pursuant to Bidding Procedures Order (the "Stalking Horse Notice"), in which it identified CAC Acquisitions as the stalking horse bidder for the Auction.

4. On May 2, 2023, pursuant to the Bidding Procedures and the Fourth Notice, CAA Partners submitted an overbid, which was deemed by the Debtors to be a Qualified Bid (as defined in the Bidding Procedures).

5. On May 3, 2023, at approximately 11:30 a.m. - thirty minutes after the Auction was scheduled to begin – the Stalking Horse Bidder filed a Transfer of Claim Other Than for Security [Docket No. 431] (the "Notice of Transfer"), purporting to effectuate a transfer of the Barings Claim to the Stalking Horse Bidder. Although it is still not yet clear, given the timing of this filing, amongst other things, it appears that the Stalking Horse Bidder intends to credit bid or otherwise rely on the Barings Claim in connection with the Auction.

6. The Barings Claim was filed by the Claimant on December 21, 2022, and asserts a claim of $64,285,191.45, which purports to be secured by substantially all assets of debtor Custom Alloy Corporation ("CAC"). The Barings Claim includes an addendum stating that it is based on "that certain Amended and Restated Loan Agreement dated as of April 30, 2019, by and among [CAC] and the other obligors thereto from time to time." (See Barings Claim.) The Barings Claim addendum further asserts that pursuant to such loan agreement, "Barings extended loans and other financial accommodations to

Borrower secured by substantially all of the Borrower's and obligors' assets, subject to a subordination agreement with CIBC Bank USA, as senior lender." (*Id.*) No supporting documents evidencing either the purported debt underlying the Barings Claim, the purported loan documents related thereto, or the purported basis of perfection of the claimed security interest are attached to the Barings Claim. (Id.)

7. Given the facts and circumstances surrounding the filing of and lack of transparency surrounding the Notice of Transfer, CAA Partners objects to the Stalking Horse Bidder being permitted to credit bid or otherwise rely on the Barings Claim in connection with the Auction. As an initial matter, filing the Notice of Transfer on the day of the Auction, after its scheduled start time, undermines the fairness and openness of the Auction as required by the Bidding Procedures, and prejudices all parties because it unreasonably deprives other bidders and other parties-in-interest of the ability to reasonably fully evaluate the nature and specifics of the CAC Acquisitions Bid. It appears the timing was a deliberate attempt by CAC Acquisitions to gain an unfair advantage in the Auction.

8. Moreover, in addition to depriving CAA Partners and any and all parties-in-interest of an adequate opportunity to actually evaluate whether and the extent to which the Stalking Horse can properly rely on the Barings Claim in proceeding in the Auction given the timing of the filing of the Notice of Transfer, it is clear that the Barings Claim is facially invalid and it also appears there are other substantive issues with the Barings Claim.[1]

9. Federal Rule of Bankruptcy Procedure 3001 ("Rule 3001") provides that: "Except for a claim governed by paragraph (3) of this subdivision, when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim." F.R.B.P. 3001(c)(1) (emphasis added). Further: "If a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." F.R.B.P. 3001(d) (emphasis added).

10. The Barings Claim indisputably fails to comply with either of the foregoing provisions of Rule 3001. As such, in addition to being subject to disallowance, the filed Barings Claim is not prima facie evidence of the validity or amount of the claim, thus depriving any party-in-interest of

---

[1] Although it is clear the Barings Claim is facially invalid, no party had any reason to believe there was a reason to object to the Baring Claim at this time, because there was no reason to believe it was germane to the Auction under the filing of the Notice of Transfer today.

reasonably evaluating the nature and extent of the claim(s) underlying the Barings Claim. See F.R.B.P. 3001(g) (a proof of claim is only prima facie valid if it is "executed and filed in accordance with these rules").

11. Section 363(k) of the Bankruptcy Code only permits credit bidding up by a secured creditor based on an "allowed claim" unless otherwise ordered by the Court. Because the Barings Claim does not comply with Rule 3001, it cannot be treated as an allowed claim for purposes of Section 363(k) or otherwise.

12. In addition to the facial invalidity of the Barings Claim, CAA Partners are informed and believe that it is subject to objection or subordination on a number of other grounds, which are impossible to fully evaluate without the filing of a claim in compliance with Rule 3001.

13. Counsel for CAA Partners is informed that the original basis of the purported obligations asserted in the Barings Claim was a conversion of the equity of a prior shareholder to debt, not money loaned. As such, there is a substantial likelihood that the Barings Claim is subject to subordination under Section 510(b), or equitable subordination under section 510(c).

14. CAC Acquisitions may attempt to cure the facial deficiency of the Barings Claim by filing an amended proof of claim attaching documents. While such a filing is certainly necessary, CAC Acquisitions should not be permitted to credit bid or otherwise rely on the Barings Claim at the Auction based on an amended proof of claim unless all parties are given a reasonable period of time to evaluate the underlying basis of the asserted debt and security interest.

///

///

WHEREFORE, for all the reasons set forth herein, CAA Partners respectfully requests that the Court grant relief (i) ordering that CAC Acquisitions may not credit bid or otherwise rely on the Barings Claim at the Auction, or (ii) continuing the Auction for a reasonable time to evaluate the issues raised herein prior to the Auction commencing.

DATED: May 3, 2023

**FOLEY & LARDNER LLP**
Ashley M. McDow
Marcella M. Jayne

*/s/ Marcella M. Jayne*
Marcella M. Jayne

*Attorneys for CAA Partners, LLC*